178 N.J. Super. 152 (1981)
428 A.2d 530
SUPERCADE CHERRY HILL, INC., A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT,
v.
BOROUGH OF EATONTOWN, A MUNICIPAL CORPORATION, EATONTOWN BOARD OF ADJUSTMENT, EATONTOWN BUILDING INSPECTOR AND EATONTOWN ZONING OFFICER, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 23, 1981.
Decided March 11, 1981.
*153 Before Judges ALLCORN, PRESSLER and FURMAN.
John W. O'Mara argued the cause for appellants.
Louis Pashman argued the cause for respondent (Cummins, Dunn, Horowitz & Pashman, attorneys; John B. Newman on the brief).
The opinion of the court was delivered by ALLCORN, P.J.A.D.
Given the broad and comprehensive authority delegated to municipalities to adopt and enforce zoning ordinances (N.J. *154 S.A. 40:55D-1 et seq.), it is a truism to state that such authority rests upon the police power and that, both constitutionally and statutorily, the regulations must be based upon and promote the "public health, safety, morals or general welfare" of the community and its inhabitants. Home Builders League v. Berlin, 81 N.J. 127, 139 (1979). Where it does not and the regulation in question is arbitrary and unreasonable, the regulation may not stand. Id.
And so here. The regulation in question (§ 89.7.15.3) bars throughout the municipality "places of amusement or entertainment wherein are to be found games, coin operated amusement, movie or entertainment machines...." There is nothing inherent in the nature of this commercial use or in common experience, there is nothing in the ordinance itself, and there is nothing in the proofs submitted below from which it is evident or from which it might fairly be inferred that the use and operation in a commercial zone of a place of amusement containing games, coin-operated amusement or entertainment machines is detrimental to or affects adversely the legitimate interests of the municipality or its inhabitants. In short, the exclusion bears no reasonable and substantial relationship to the protection or promotion of the public health, safety, morals or general welfare. State v. Baker, 81 N.J. 99 (1979). Indeed, the exclusion seemingly runs counter to certain of the purposes of the Land Use Act, namely, "To provide sufficient space in appropriate locations for a variety of agricultural, residential, recreational, commercial and industrial uses and open space, both public and private, according to their respective environmental requirements in order to meet the needs of all New Jersey citizens," N.J.S.A. 40:55D-2 g (emphasis added).
In light of the foregoing, we are satisfied that the cited portion of the local zoning ordinance, § 89.7.15.3, is invalid.
Affirmed.